# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LaTONYA PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 06-0549-CV-W-RED |
| v. ) | |
| ) | |
| TRUMAN NEUROLOGICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant TNC Community, Inc.'s ("TNC") Motion for Leave to Answer Out of Time (#18), TNC's Motion for Summary Judgment (#8), and plaintiff's Motions for Summary Judgment (#12 and #13). TNC's Motion for Leave to Answer Out of Time (#18) is **GRANTED** and TNC's proposed answer attached to TNC's motion will be shown as filed. For the reasons set forth below, TNC's Motion for Summary Judgment (#8) is **GRANTED** and plaintiff's Motions for Summary Judgment (#12 and #13) are **DENIED**.

## BACKGROUND

Plaintiff claims that TNC, plaintiff's former employer, terminated plaintiff and discriminated against plaintiff during her employment because of plaintiff's race and gender. Plaintiff's employment with TNC ended in late 2003. In June 2006, plaintiff filed a charge of discrimination with the EEOC. The EEOC dismissed plaintiff's charge because it was not timely filed. Plaintiff then sued defendant in this Court alleging Title VII violations by TNC. TNC filed a motion for summary judgment, and plaintiff responded with additional motions for summary judgment.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c). Defendant claims that summary judgment is appropriate here because plaintiff filed her EEOC charge of discrimination more than 180 days

after the alleged discrimination occurred.  Plaintiff's response (#12) affirmatively admits that "Plaintiff filed an **untimely** EEOC complaint of discrimination based on race and retaliation for whistle blowing." Moreover, plaintiff's charge of discrimination filed with the EEOC indicates that plaintiff signed the charge on June 26, 2006, but the alleged discrimination occurred on December 1, 2003.

42 U.S.C. § 200e-5(e)(1) requires that "Title VII claims be filed with the EEOC within One Hundred Eighty (180) days after the alleged unlawful employment practice." *Jackson v. Homechoice, Inc.*, 368 F.3d 997 (8th Cir. 2004).  If a plaintiff fails to timely file a charge of discrimination with the EEOC, she has not exhausted her administrative remedies and her claim is not justiciable.  *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  Plaintiff failed to file her charge of discrimination with the EEOC within 180 days after the alleged discrimination, so her suit is barred by statute.[1]

## CONCLUSION

Defendant's Motion for Summary Judgment (#8) is **GRANTED** and plaintiff's Motions for Summary Judgment (#12 and #13) are **DENIED**.

**IT IS SO ORDERED.**

                                               */s/ Richard E. Dorr*
                                               RICHARD E. DORR, JUDGE
                                               UNITED STATES DISTRICT COURT

DATE:  November 6, 2006

---

[1]To the extent plaintiff purports to have other claims against TNC aside from the Title VII claim described in her complaint, she has not pled such claims nor has she demonstrated a jurisdictional basis for such claims.